■ In the Matter of RONALD J. SLOCUM, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS OF THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is

an attorney admitted to practice by the Appellate Division, Fourth Department, in 1970. Since 1972, he has maintained a private law practice in the Town of Owego, Tioga County.

The instant proceeding to discipline respondent involves three charges of professional misconduct arising principally out of respondent's representation of the estate of Merrill E. Green and respondent's alleged neglect of the estate, followed by his failure to cooperate with petitioner Committee's investigation of this matter. Following a hearing, the Referee issued a report sustaining all three charges. Petitioner now moves for an order confirming the Referee's report.

Charge I alleges that respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (6) by failing to cooperate with petitioner in its investigation of certain inquiries filed against him. More particularly, specification 1 alleges that in December 1987, petitioner forwarded to respondent the inquiry of Robin E. Robison, administratrix of the estate of Merrill E. Green (hereinafter the administratrix), which estate respondent had been retained to represent in September of 1984. Robison was concerned with respondent's delay in settling the estate. This specification further charges that respondent failed to reply to this communication and that although he did respond to a subsequent letter from petitioner regarding the Green estate in January of 1988, he thereafter ignored repeated communications from petitioner regarding this matter as well as additional letters from petitioner regarding a second inquiry filed against him by another of his clients. Respondent's failure to reply resulted in the issuance of a subpoena by this court, directing respondent's appearance at a preliminary hearing before petitioner (see 22 NYCRR 806.4 [e]). Specification 2 of this charge alleges that respondent persisted in his failure to cooperate with petitioner in its subsequent investigation of the above inquiries with the result that the instant disciplinary proceeding was brought against him.

Charge II asserts that respondent violated DR 1-102 (A) (4) and (5) by failing to register as an attorney in this State and pay the registration fee as required by Judiciary Law § 468-a.

We conclude that the record supports the findings of the Referee in sustaining charges I and II. Indeed, respondent admitted his guilt to these charges in his testimony before the Referee.

We are more troubled, however, by the Referee's sustaining of charge III, accusing respondent of violating DR 6-101 (A) (3)

by neglecting the estate of Merrill E. Green and charging him with failure to take appropriate legal action in regard to the estate since June 1987. The record discloses that respondent rendered adequate representation to the Green estate from the time the administratrix retained him in September 1984. It appears that the delay in settling the estate was not the result of respondent's neglect but rather was caused by the intransigency of the Farmers Home Administration (hereinafter FmHA), holder of a mortgage lien on the estate's real property, totaling almost twice the value of that property. Due to the failure of FmHA either to purchase the property, to permit the mortgage to be assumed by a third-party purchaser, or to foreclose on it, the property could not be liquidated and respondent could not finally settle the estate.*

While respondent's efforts on behalf of the Green estate are well documented in the record, it appears that he failed to communicate sufficiently with the administratrix to give her confidence regarding his representation. Under the circumstances, we conclude that the charge of neglect of the Green estate was not established and we therefore disaffirm the Referee's finding as to that charge.

In mitigation, respondent cites the substantial demands of his part-time position as Assistant County Attorney together with the burden of his private practice to excuse, in part, his failure to communicate adequately with petitioner and his clients. While we recognize the demands placed upon respondent during the period in issue, we cannot conclude that they should excuse the misconduct found herein, especially the repeated failure to respond to petitioner's inquiries. It is also noted that, as a result of earlier instances of neglect and failure to cooperate, respondent was the subject of two letters of caution issued by petitioner in 1985 and 1986. Accordingly, we conclude that respondent should be censured.

Motion granted to the extent that the Referee's findings as to charges I and II are confirmed; the finding as to charge III is disaffirmed and that charge is not sustained; respondent censured. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.

---

* Regarding the specific allegation of charge III that respondent failed to take appropriate legal action to conclude the estate since June of 1987, it should be noted that since that date, respondent has prepared a deed to the real property from the estate to FmHA, in the hope that FmHA would accept it, and has prepared a final accounting of the estate.